IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

JUN 10 2005

JAMES W. McCORMACK, CLERK
By: _____ DEP CLERK

ANDY EUGENE NEWTON, JR.                                            PLAINTIFF

v.                    NO. 1:05CV00014 JMM/JWC

RICHARD HAWKINS, et al                                             DEFENDANTS

PROPOSED FINDINGS AND RECOMMENDED PARTIAL DISPOSITION

On March 17, 2005, Plaintiff, a pro se pretrial detainee currently confined to the Independence County Detention Facility, filed this 42 U.S.C. § 1983 civil rights action (docket entry #2) along with a separate application to proceed in forma pauperis pursuant to 28 U.S.C. § 1915 (docket entry #1). Plaintiff submitted the proper financial information in compliance with § 1915(a)'s requirements; accordingly, in forma pauperis status was granted (docket entry #3).

I. Background

According to Plaintiff's amended complaint (docket entry #5) which was filed at the Court's instruction, Defendant Hawkins has denied him medical attention for a slip and fall incident as well as the ongoing physical symptoms of his recovery from drug addiction; Defendant Darr has imposed corporal punishment on all inmates for the bad acts of individual inmates; Defendant Templin has instituted a policy that limits hygiene items to inmates;[1] and Defendants Faircloth and Anderson[2] discriminate on the basis of sex

---

[1] Items are limited to one roll of toilet paper per inmate per week, two bars of 0.5 ounce soap per inmate per week, and one bottle of two ounce shampoo per inmate per week. Plaintiff alleges that shampoo was not issued at all for two weeks consecutively causing him to shave his head due to dandruff and uncontrollable itching.

[2] Although the docket sheet reflects a Defendant Tori Thompson, this Defendant should be properly shown as Tori Anderson.



between male and female inmates, deny indigent items (paper, pencils, and stamped envelopes) which requires Plaintiff to trade for food, and ignore the maintenance problems of the filthy and unsanitary conditions of the jail.[3] As relief, Plaintiff requests that the State of Arkansas dismiss the criminal charges against him, that all of his criminal records be expunged and sealed, and he seeks monetary and punitive damages.

## II. Standard

Federal courts are required to screen prisoner complaints seeking relief against a governmental entity or officer or employee of a governmental entity. Id. § 1915A(a). A federal court must dismiss a prisoner's complaint or portion thereof if the prisoner has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. Id. § 1915A(b). Moreover, this Court may sua sponte dismiss a complaint filed in forma pauperis at any time if it determines that the action fails to state a claim upon which relief can be granted. Id. § 1915(e)(2)(B)(ii), § 1915A(b)(1) and 42 U.S.C. § 1997e(c)(1).

---

[3] Most of Plaintiff's complaints concern the shower area. He alleges that he was forced to go eight days without shower shoes causing him to contract a foot fungus and jock itch; mold grows on the walls and shower curtains, and piles of trash and shower debris sit on the shower floor; the shower is cleaned by sweeping it out with the same broom used to clean inmates' cells; there are blinking and burned out lights in the shower stalls; missing shower curtains; the drain water from the second floor shower runs off the second floor catwalk to the first floor, puddles, and runs into the cells; there is missing and broken floor tile on the second floor shower; the nozzle is missing and the seat broken in the handicapped shower; nine of the twelve showers have only cold water; and it is difficult to get a daily shower when forty plus inmates are given one hour to do so at the same time. Plaintiff further alleges that he was forced to sleep on the floor for three days with only one blanket and one filthy mattress (no sheets or towel were issued); and that there is no exterminating service while there is a two inch crack in the outside door that allows insects inside.

Dismissal for failure to state a claim is proper only if, accepting each allegation as true, it appears beyond doubt that Plaintiff can prove no set of facts in support of his claim or claims that would entitle him to relief. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Estelle v. Gamble, 429 U.S. 97, 106 (1976) (citing Haines v. Kerner, 404 U.S. 519, 520-21 (1972)); Murphy v. Lancaster, 960 F.2d 746, 748 (8th Cir. 1992). In addition, pro se complaints must be liberally construed and held "to less stringent standards than formal pleadings drafted by lawyers." Haines, 404 U.S. at 520-21.

### III. Analysis

In Preiser v. Rodriguez, 411 U.S. 475 (1973), the Supreme Court delineated what constitutes a habeas action as opposed to a § 1983 claim. The essence of habeas corpus is an attack by a person in custody upon the legality of that custody. Id. at 484. The label a prisoner gives to his suit is not controlling. Id. at 489-90. Therefore, if Plaintiff is in effect challenging the fact of his incarceration, then his sole federal remedy is a writ of habeas corpus pursuant to 28 U.S.C. § 2254, rather than a civil rights complaint pursuant to 42 U.S.C. § 1983. Id. at 499. State prisoners are required to exhaust their available state court remedies before bringing federal habeas corpus claims. 28 U.S.C. § 2254(b) & (c). A claim is considered exhausted "when the petitioner has afforded the highest state court a fair opportunity to rule on the factual and theoretical substance of his claim." Ashker v. Leapley, 5 F.3d 1178, 1179 (8th Cir. 1993).

In his amended complaint, Plaintiff, among other forms of relief, requests that the State of Arkansas dismiss the criminal charges against him and that all of his criminal records be expunged and sealed. To this extent Plaintiff is challenging his continued incarceration and such requests for relief cannot be entertained herein. Kruger v. Erickson,

77 F.3d 1071, 1073 (8th Cir. 1996) (court must look to substance of relief sought to determine if action is § 1983 suit or habeas corpus action; prisoner's labeling of suit is not controlling). Furthermore, the Court declines to construe this as a § 2254 habeas petition because it is apparent from the face of the complaint that Plaintiff has not claimed--much less proven--that he has exhausted his available state court remedies; therefore, dismissal of this portion of Plaintiff's claim without prejudice is appropriate. 28 U.S.C. § 2254(b)(1)(A) (court shall not grant writ of habeas corpus unless applicant has exhausted remedies available in state court system); Carmichael v. White, 163 F.3d 1044, 1045 (8th Cir. 1998) (§ 2254 petitioner has burden to show all available state remedies have been exhausted or that exceptional circumstances exist).

Plaintiff's claim for damages, however, does not fail. In Heck v. Humphrey, 512 U.S. 477 (1994), the Supreme Court held that if a judgment in favor of a prisoner in a § 1983 action would necessarily imply the invalidity of the conviction, continued imprisonment, or sentence, then no claim for damages lies unless the conviction or sentence is reversed, expunged, or called into question by issuance of a federal writ of habeas corpus. Plaintiff's claim for damages in this § 1983 cause of action as a result of Defendants' alleged cruel and unusual punishment is not barred by Heck. This conclusion is based on the certainty that a judgment in Plaintiff's favor herein against Defendants would in no way have an impact on the length or fact of his continued incarceration. See Moore v. Sims, 200 F.3d 1170, 1171 (8th Cir. 2000) (applying same theory to an illegal arrest or detention; standing alone, it does not void a subsequent conviction); see also Heck, 512 U.S. at 487 n.7 (same). In sum, Plaintiff's request of dismissal of the criminal charges against him and the expungement and sealing of all his criminal records is barred by Preiser as a habeas claim.

Plaintiff's claim for damages in connection with Defendants' alleged Fourteenth and First Amendment violations should be permitted to proceed.

### IV. Conclusion

In accordance with the above, IT IS, THEREFORE, RECOMMENDED that:

1. Plaintiff's request of dismissal of the criminal charges against him and the expungement and sealing of all his criminal records as relief is a direct challenge to his continued incarceration and necessarily implies the invalidity of his imprisonment, as such it should be barred by <u>Preiser</u> as a habeas claim.

2. Plaintiff's claim for damages only in connection with Defendants' alleged Fourteenth and First Amendment violations should be PERMITTED TO PROCEED at this time.

3. Service is now appropriate for Defendants. The Clerk of the Court should be directed to prepare a summons for each Defendant, and the United States Marshal should be directed to serve copies of the original, amended, and supplemental complaints with any attachments (docket entries #2, #5, #9), a copy of the docket sheet, and a summons for each Defendant without prepayment of fees and costs or security therefor. Should Defendants need copies of other filed documents, they are available from the Clerk's office or may be accessed through the PACER system for the United States District Court.

4. The Clerk of the Court should also be instructed to note the name change of Defendant "Tori Thompson" to reflect that of "Tori Anderson."

DATED this 10th day of June, 2005.

UNITED STATES MAGISTRATE JUDGE

**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS**
UNITED STATES POST OFFICE & COURTHOUSE
600 WEST CAPITOL AVENUE, SUITE 302
LITTLE ROCK, ARKANSAS 72201-3325

JERRY W. CAVANEAU
UNITED STATES MAGISTRATE JUDGE

(501) 604-5200
FAX (501) 604-5207

June 10, 2005

Mr. Andy Eugene Newton, Jr.
Independence County Detention Facility
569 West Main Street
Batesville, AR 72501

RE: Newton v. Hawkins, et al
  Case No. 1:05CV00014

Dear Mr. Newton:

Attached is a recommended <u>partial</u> disposition in this case, which has been prepared by this office and submitted to United States District Judge James M. Moody.

Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and two copies of your objections must be received in the office of the United States District Court Clerk no later than eleven (11) days from the date of this letter. A copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1. Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence to be proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing, if any, before the Magistrate Judge.

3. The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol, Room 402
> Little Rock, AR  72201-3325

Very truly yours,

Jerry Cavaneau
United States
Magistrate Judge

JC/sh
Enclosure

cc: w/encl.
    Honorable James M. Moody, United States District Judge
    File